| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOR THE FIRST JUDICIAL CIRCUIT |
| COUNTY OF DORCHESTER | ) | CASE NO.: |
| | ) | |
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | **SUMMONS** |
| | ) | |
| v. | ) | |
| | ) | |
| DORCHESTER SCHOOL | ) | |
| DISTRICT TWO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**TO THE NAMED DEFENDANT:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is served upon you, and to serve a copy of your answer to this Complaint upon the subscriber at the address shown below within thirty (30) days after service hereof, exclusive of the date of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

BRETT M. EHMAN

/s/ Brett M. Ehman
Bar No.: 102443
2971 West Montague Avenue
North Charleston, SC 29418
Phone: (843) 225-3607
Email: brett@ehmanlaw.com

Attorney for Plaintiff

September 16, 2022
North Charleston, South Carolina

1

ELECTRONICALLY FILED - 2022 Sep 16 1:22 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1801445

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOR THE FIRST JUDICIAL CIRCUIT |
| COUNTY OF DORCHESTER | ) | CASE NO.: |
| | ) | |
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | (Jury Trial Requested) |
| v. | ) | |
| | ) | |
| DORCHESTER SCHOOL | ) | |
| DISTRICT TWO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Plaintiff, Jane Doe ("Plaintiff"), complaining of the above-named Defendant, respectfully alleges as follows:

## JURISDICTION AND VENUE

1. At all times relevant hereto, Plaintiff was a citizen and resident of Dorchester County, South Carolina. Plaintiff is currently over the age of majority, but at all times relevant to this Complaint, was a minor under the age of eighteen (18).

2. Defendant Dorchester School District Two (hereinafter referred to as "the District") is a public school system owned and operated by the State of South Carolina. The District is a governmental agency within the meaning of the South Carolina Tort Claims Act and is organized and existing under the laws of the State of South Carolina.

3. At all times relevant to this action, the District was acting by and through its agents, servants, employees, and/or officers to include, but not limited to, those persons and/or individuals named in the Complaint. As such, the District is liable for the actions and omissions of said individuals acting in the course and scope of their official duties pursuant to federal law, state law, and common law.

ELECTRONICALLY FILED - 2022 Sep 16 1:22 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1801445

4.    This Court has subject matter jurisdiction over the claims and causes of action herein Under Article V §11 of the South Carolina Constitution and S.C. Code Ann. § 15-78-100. This Court has personal jurisdiction over the Defendant in this matter.

5.    Venue is proper in Dorchester County under S.C. Code Ann. § 15-78-100 and S.C. Code Ann. § 15-7-10 et seq. because the acts and omissions complained of herein occurred in Dorchester County.

## FACTUAL ALLEGATIONS

6.    The allegations of the preceding paragraphs are hereby incorporated and alleged as if fully set forth herein.

7.    Upon information and belief, and at all relevant times, the District employed Donte Major ("Major") as a faculty and/or staff member.

8.    During both the 2020-2021 and 2021-2022 school years, Major was serving as a Photography Instructor at Ashley Ridge High School.  As a Photography Instructor, Major was provided a classroom which connected directly to a dark room in which photographs were developed.  The dark room had one door in which individuals could enter and exit from and to the classroom. While there were surveillance cameras in the classroom, there were no surveillance cameras in the dark room.

9.    During the 2020-2021 school year, Plaintiff was a student in her junior year at Ashley Ridge High School in Dorchester County and was a minor under the age of eighteen (18).

10.    From August through March of the 2021-2022 school year, Plaintiff was a student in her senior year at Ashley Ridge High School in Dorchester County and was a minor under the age of eighteen (18).

ELECTRONICALLY FILED - 2022 Sep 16 1:22 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1801445

11.     At all relevant times hereto, Plaintiff was in the care, custody, control, and supervision of the District and its agents, employees and representatives.

12.     During the end of her junior year in approximately May of 2021, Plaintiff was introduced by a fellow student to Major, who upon information and belief, was thirty-four (34) years of age, approximately twice Plaintiff's age at the time.

13.     Upon information and belief, Major permitted students to congregate in his classroom before, during and after school during both the 2020-21 and 2021-22 school years.

14.     Upon information and belief, students and staff members were aware that Major permitted students to congregate in his classroom before, during and after school during both the 2020-21 and 2021-22 school years.

15.     Upon information and belief, Major permitted students at Ashley Ridge High School to use vaporizers to smoke tobacco and marijuana in his classroom during both the 2020-21 and 2021-22 school years.

16.     Upon information and belief, students and staff members were aware that Major permitted students permitted students at Ashley Ridge High School to use vaporizers to smoke tobacco and marijuana in his classroom during both the 2020-21 and 2021-22 school years

17.     During Plaintiff's senior year in 2021-2022, several of her friends regularly congregated in Major's classroom. As a result, Plaintiff began congregating in Major's classroom for lunch to socialize with her friends.

18.     After she began congregating in Major's classroom, Plaintiff learned that Major allowed some students to use his personal vaporizing device to smoke tobacco and/or marijuana.

19.     In or around October 2021, Plaintiff learned that Major was socializing with other students through Snap Chat and had provided his contact information.

4

ELECTRONICALLY FILED - 2022 Sep 16 1:22 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1801445

20.    In or around October 2021, Major and Plaintiff began communicating through Snap Chat. During that time, the communications mostly consisted of sending humorous memes or Plaintiff, who was experiencing emotional and personal stressors, soliciting advice from Major.

21.    During Thanksgiving break of 2021, however, Major's communications with Plaintiff through Snap Chat increased in frequency.

22.    When Plaintiff sent a photograph intended for her friends which inadvertently included Major in a Snap Chat communication, Major responded to Plaintiff and told her she looked "hot" in the photograph. Plaintiff thanked Major for the compliment and Major told Plaintiff that he overheard Plaintiff telling a fellow student that she thought he was good-looking.

23.    The communications from Major to Plaintiff then became more flirtatious. Major began to discuss the prospect of having sexual relations with Plaintiff and remarked how beautiful he thought Plaintiff to be.

24.    On or about November 24, 2021, the day before Thanksgiving, Major sent Plaintiff a photograph through Snap Chat of his partially erect penis, testicles and thighs.

25.    When Major requested a photograph of Plaintiff, she told him that she was uncomfortable doing so and did not want to send a photograph of herself. Major told Plaintiff that she had a beautiful body and implied there was nothing about which to be uncomfortable. Plaintiff responded by sending Major a photograph of herself while in the shower.

26.    Major continued to message Plaintiff through Snap Chat for the remainder of the day.

27.    On or about November 30, 2021, the Tuesday following Thanksgiving break and after students had returned to school, Plaintiff went to Major's classroom where other students had

ELECTRONICALLY FILED - 2022 Sep 16 1:22 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1801445

also gathered once classes had ended. After all the other students left, Major invited Plaintiff into the dark room where he was developing film.

28.     When he finished developing film and while still in the dark room, Major walked over to Plaintiff and kissed her on the lips.

29.     After a brief conversation on whether the kiss was appropriate, Major proceeded to remove his clothes, remove Plaintiff's clothes and to have sexual intercourse with Plaintiff in the darkroom.

30.     The very next day on December 1, 2021, Plaintiff again went to Major's classroom to congregate with other students. After everyone had left, Major and Plaintiff went into the darkroom and discussed how the sexual nature of their relationship was inappropriate. At that point, Major walked over to Plaintiff and started kissing her. Major then again had sexual intercourse with Plaintiff.

31.     About a week later, Plaintiff again went to Major's classroom where other students had congregated. After the other students had left, Major and Plaintiff discussed how they should stop having sexual intercourse. Major then kissed Plaintiff and proceeded to again have sexual intercourse with Plaintiff. Only after the third incident of sexual intercourse did Major agree to end the sexual relationship.

32.     In or around February 25, 2022, Major again started flirting with Plaintiff through Snap Chat. That same day, Plaintiff blocked Major on Snap Chat.

33.     Upon information and belief and in or around February 2022, Major was finally being investigated by the school for allowing students to use vaporizing devices in his classroom.

34.     Upon information and belief, a sexual harassment complaint was made by another student to the school against Major in the fall of 2021.

ELECTRONICALLY FILED - 2022 Sep 16 1:22 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1801445

35.    After learning that Major was being investigated by the school, Plaintiff informed her father about her relationship with Major and the three incidents of sexual intercourse.

36.    Upon learning of Major's conduct toward his minor daughter, Plaintiff's father and Plaintiff immediately went to Ashley Ridge High School to disclose Major's actions to the school's administrators. There they were met by Principal Matthews, Assistant Principal Summers-Fogel and School Resource Officer Pittman.  Upon disclosing Major's conduct, neither Principal Matthews nor SRO Pittman appeared to be surprised.

37.    Since the disclosure, Major was arrested and charged with at least two counts of Sexual Battery with a student.

38.    Since the disclosure, Plaintiff has been the subject of ridicule and scorn from fellow students who have learned about what happened between her and Major.  Plaintiff is being blamed for the relationship and Major's employment being terminated.

39.    Plaintiff has been and continues to be severely traumatized by the incidents.

## FOR A FIRST CAUSE OF ACTION

### Negligence, Gross Negligence, Recklessness and Willfulness

40.    The allegations of the proceeding paragraphs are hereby incorporated and alleged as if fully set forth herein.

41.    The District owed Plaintiff, a minor student in its care, custody and control, a duty to supervise, protect, and ensure that Plaintiff was safe from predatory behavior, physical abuse, harassment, and/or intimidation on school property during and after school hours.

42.    The District  breached its duty by permitting the sexual battery of Plaintiff and potentially others to occur and then continue for a period of time. This assault was carried out by

ELECTRONICALLY FILED - 2022 Sep 16 1:22 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1801445

the District personnel, Major, and was known, or reasonably should have been discovered, by the District to have occurred.

43.    Upon information and belief, the District was further negligent in failing to properly consider the seriousness of prior complaints made against Major and allowing Major to remain teaching alongside Plaintiff as well as other potential victims.

44.    The District further acted in a negligent, grossly negligent, willful, wanton, and reckless manner and breached the duty owed to Plaintiff by failing to exercise even a slight degree of care in the following particulars:

a.    By failing to establish sufficient rules and procedures to prevent and report educator sexual abuse of students such that would adequately protect students from predatory behavior, physical abuse, harassment, and/or intimidation;

b.    By failing to enforce rules and procedures governing educator sexual abuse;

c.    By failing to ensure that teachers abided by rules and procedures espoused by the District;

d.    By failing to adequately provide for the physical safety of students;

e.    By failing to abide by the policies and procedures enacted by the District for the safety and security of students;

f.    By failing to provide sufficient training and supervision to the District employees and/or agents;

g.    By failing to adequately address and/or report instances of predatory behavior, physical abuse, harassment, and/or intimidation against students.

45.    As a result of the aforesaid acts and/or omissions of the District, Plaintiff sustained damages.

ELECTRONICALLY FILED - 2022 Sep 16 1:22 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1801445

46.     As a direct and proximate result of the Defendant's negligence, Plaintiff is entitled to judgment in her favor against the District in an amount equal to the sum of her actual damages, including severe emotional distress and anguish, and attorney's fees and costs for bringing this action.

## FOR A SECOND CAUSE OF ACTION
### Negligent Supervision and Retention

47.     The allegations of the proceeding paragraphs are hereby incorporated and alleged as if fully set forth herein.

48.     The District owed Plaintiff a legal duty to act with due care in supervising its teachers and other staff members.

49.     The District was grossly negligent in supervising Major, by allowing him to intentionally harm and sexually batter Plaintiff.

50.     Upon information and belief, the District had reason to know Major required excessive supervision based on prior complaints from students and knowledge of his conduct by students and staff.

51.     The District's negligence was reckless, willful, and wanton, amounting to gross negligence. Specifically, the District failed to remove Major after such complaints were being made against him, resulting in Major's interacting with Plaintiff.

52.     Further, The District retained Major as a teacher, even after multiple complaints about his inappropriate behavior with students.

53.     As a direct and proximate result of the negligence on the part of the District, Plaintiff is entitled to judgment in her favor against the District in an amount equal to the sum of her actual damages, including severe emotional distress and anguish, and attorney's fees and costs for bringing this action.

ELECTRONICALLY FILED - 2022 Sep 16 1:22 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1801445

## FOR A THIRD CAUSE OF ACTION
### Assault and Battery

54.    The allegations of the proceeding paragraphs are hereby incorporated and alleged as if fully set forth herein.

55.    The District, despite having knowledge of prior inappropriate conduct by Mr. Major with other students, allowed Major to have sexual relations with Plaintiff on three separate occasions on school property.

56.    Such action on the part of the District placed Plaintiff in reasonable fear of bodily harm.

57.    Specifically, upon information and belief, Plaintiff was placed in a situation with an individual who previously caused harm to other students without reassurance of any reasonable protection that such an act would not occur again.

58.    Plaintiff is entitled to judgment against the District in an amount equal to the sum of her actual damages, including mental and emotional suffering, and for attorney's fees and costs for bringing this action.

## FOR A FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

59.    The allegations of the proceeding paragraphs are hereby incorporated and alleged as if fully set forth herein.

60.    The District's intentional disregard and wanton conduct, including but not limited to permitting Major to remain at school alongside Plaintiff and others, and permitting the perpetrator to engage in sexual relations with a minor student on three separate occasions on school property after failing to address prior complaints made against him, was so extreme and outrageous to exceed all bounds of decency.

ELECTRONICALLY FILED - 2022 Sep 16 1:22 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1801445

61.     The District's conduct intentionally and recklessly inflicted emotional distress for Plaintiff, or it should have been substantially certain that distress would result from its conduct.

62.     The emotional distress suffered by Plaintiff was so severe such that no reasonable person should be expected to endure it.

63.     Plaintiff is entitled to judgment against the District in an amount equal to the sum of her actual damages, including mental and emotional suffering, and for attorney's feed and costs for bringing this action.

## FOR A FIFTH CAUSE OF ACTION

### Violation of Title IX – The School's Deliberate Indifference to Alleged Sexual Harassment

64.     The allegations of the proceeding paragraphs are hereby incorporated and alleged as if fully set forth herein.

65.     The sexual battery of Plaintiff was so severe, pervasive, and objectively offensive that it deprived Plaintiff of access to educational opportunities or benefits provided by the school.

66.     The District created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX"), because:

a.     Plaintiff was a member of a protected class;

b.     she was subjected to sexual harassment in the form of a sexual assault by a teacher;

c.     she was subjected to harassment based on her sex; and

d.     she was subjected to a hostile educational environment created by the District's failure to promptly investigate and/or address an alleged sexual harassment complaint made by another student to the school against Major.

11

ELECTRONICALLY FILED - 2022 Sep 16 1:22 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1801445

67.    Upon information and belief, the District and its officials had actual knowledge of the sexual harassment of Plaintiff created by its failure to investigate and discipline Major in a timely manner and consistent with its own policy and federal and state law.

68.    The District's failure to promptly and appropriately respond to an alleged complaint of sexual harassment made by another student to the school against Major, resulted in Plaintiff, on the basis of sex, being excluded from participation in, being denied the benefits of, and being subjected to discrimination in the District's education programs and activities in violation of Title IX.

69.    Upon information and belief, the District failed to take immediate, effective remedial steps to resolve a prior complaint of sexual harassment made by another student against Major and instead acted with deliberate indifference toward Plaintiff and the other students who made complaints against Major.

70.    Upon information and belief, the District persisted in its actions and inaction even after it had actual knowledge of alleged harm suffered by another student.

71.    The District engaged in a pattern and practice of behavior designed to discourage and dissuade students and parents of students who had been sexually assaulted and/or battered from seeking protection.

72.    This policy and/or practice constituted disparate treatment on the basis of sex, and had a disparate impact on female students.

73.    Plaintiff has suffered emotional distress and psychological damage, and her character and standing in her community have suffered from the harassment fostered as a direct and proximate result of the District's deliberate indifference to her rights under Title IX.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jane Doe prays for judgment against the Defendant Dorchester School District Two in an amount equal to the sum of her actual damages, including mental and emotional suffering, in an amount to be determined by a jury, together with attorney's fees, where applicable, costs of this action, and for any such other and further relief as this Honorable Court deems just and proper.

BRETT M. EHMAN

/s/ Brett M. Ehman
Bar No.: 102443
2971 West Montague Avenue
North Charleston, SC 29418
Phone: (843) 225-3607
Email: brett@ehmanlaw.com

Attorney for Plaintiff

September 16, 2022
North Charleston, South Carolina

ELECTRONICALLY FILED - 2022 Sep 16 1:22 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1801445