IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| Jane Doe, | CIVIL ACTION NO. 2:22-cv-03648-RMG |
| Plaintiff, |  |
| v. |  |
|  | **ORDER AND OPINION** |
| Dorchester School District Two, |  |
| Defendant. |  |

This matter is before the Court upon Defendant's motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 4). For the reasons stated below, the motion is granted in part and denied in part.

I. **Background**

Plaintiff, Jane Doe, brings the instant suit against Defendant Dorchester School District Two. Plaintiff alleges that while she was a minor and enrolled as a student at Ashley Ridge High School in Dorchester County, a photography instructor named Donte Major ("Major"), permitted students to congregate in his classroom, use vaporizers, and smoke marijuana. (Dkt. No. 1 ¶¶ 8-10, 12-15). Plaintiff alleges students and staff were aware of Major's conduct. (*Id.* ¶ 16). Plaintiff began to congregate in Major's classroom with her friends, and he provided his Snap Chat information. (*Id.* ¶¶ 17, 19). Plaintiff alleges Major sent her a photo of his partially erect penis on Snap Chat. (*Id.* ¶ 24). Plaintiff alleges on two occasions she went to Major's classroom when classes ended. Major invited Plaintiff into his dark room where he had sexual intercourse with Plaintiff. (*Id.* ¶¶ 27-30). After the third incident of sexual intercourse the relationship ended. (*Id.* ¶ 31). Plaintiff alleges another student made a complaint of sexual harassment against Major in

1

the Fall of 2021. (*Id.* ¶ 34). Plaintiff told father about her relationship and sexual encounters with Major. (*Id.* ¶ 35). Plaintiff alleges she and her father promptly disclosed Major's actions to school administrators, who were not surprised. (*Id.* ¶ 36). Plaintiff alleges that since the disclosure, Major has been charged with at least two counts of sexual battery with a student. (*Id.* ¶ 37). Plaintiff alleges she has been severely traumatized by the incidents. (*Id.* ¶ 39).

The complaint asserts several claims against Defendant School District for: (1) negligence, gross negligence, recklessness, and willfulness; (2) negligent supervision and retention;(3) assault and battery; (4) intentional infliction of emotional distress; and (5) Title IX deliberate indifference to alleged sexual assault. Defendant moves to dismiss Plaintiff's claims based on sovereign immunity under the South Carolina Tort Claims Act ("The Act") and for failure to state a claim pursuant to Rule 12(b)(6). (Dkt. No. 4). Plaintiff filed a response in opposition to Defendant's motion. (Dkt. No. 6). Defendant filed a reply. (Dkt. No. 7). The matter is ripe for the Court's adjudication.

## II. Legal Standard

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule

2

12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Labs., Inc.*, 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

### III. Discussion

    a. 12(b)(1) Motion to Dismiss Pursuant to the South Carolina Tort Claims Act

Defendant invokes several exceptions to the waiver of sovereign immunity set forth in the Act to dismiss Plaintiff's state tort claims for negligence, gross negligence, recklessness, and willfulness; assault and battery; negligent supervision and retention; and intentional infliction of emotional distress.[1] Defendant is a "governmental entity" within the meaning of the Act. *See* S.C. Code Ann. § 15-78-30(d) (defining "governmental entity" as "the State and its political subdivisions"); (*Id.* § 15-78-30(h) (defining "political subdivision" as "counties, municipalities, [and] school districts . . . ." ). Plaintiff acknowledges that Defendant is a governmental entity under the Act. (Dkt. No. 1-1 at ¶2).

---

[1] Defendant originally moved to dismiss Plaintiff's claims pursuant to exceptions to the waiver of immunity contained in the Act, S.C. Code Ann. § 15-78-60(5), (25) for discretionary acts and gross negligence. (Dkt. No. 4 at 3). On reply, Defendant indicates that any reference to these exceptions to waiver of immunity were typographical errors because proving immunity requires the Court to consider matters outside the pleadings and are not appropriate for disposition at this stage in the proceedings. (Dkt. No. 7 at 2-3). The Court will not rule on the applicability of the exceptions to waiver of immunity for discretionary acts and gross negligence at this time.

The remedy provided by the Act is the exclusive civil remedy available for any tort committed by a governmental entity, its employees, or its agents except as provided in § 15-78-70(b). *Flateau v. Harrelson*, 584 S.E.2d 413, 416 (S.C. Ct. App. 2003) (quoting S.C. Code Ann. § 15-78-20(b)). For a given tort under the Act, the governmental entity of the employee is liable but not both. An employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable and the plaintiff must sue the governmental agency itself. *Roberts v. City of Forest Acres*, 902 F. Supp. 662, 671 (D.S.C. 1995) (citing S.C. Code § 15-78-70(a)). However, if the plaintiff proves that "the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude, then the governmental agency is not liable, and the employee is personally liable." *Id.*

The Act waives sovereign immunity for torts committed by the State, its political subdivisions, and governmental employees acting within the scope of their official duties. S.C. Code Ann. § 15-78-40. It contains numerous exceptions to the waiver of immunity that shields a governmental entity from liability for a loss resulting from certain conduct. *Id.* § 15-78-60(1), (2), (3), (4), (17), (23). The burden of establishing a limitation on liability or an exception to the waiver of immunity is upon the governmental entity asserting it as an affirmative defense. *City of Hartsville v. S.C. Mut. Ins. & Risk Fin. Fund*, 677 S.E.2d 574 (S.C. 2009); *Pike v. S.C. Dep't of Transp.*, 540 S.E.2d 87, 90 (S.C. 2000).

      i. Exceptions to Waiver of Immunity under the Act S.C. Code Ann. § 15-78-60(1), (2), (3), (4), (23)

Defendant argues sections 15-78-60(1), (2), (3), (4), and (23), apply in this case such that it is not liable for the losses alleged in the complaint. (Dkt. No. 7 at 2). These sections of the Act are exceptions to the waiver of immunity for a governmental entity's exercise of administrative,

judicial, or quasi-judicial action; administrative inaction or inaction of a legislative, judicial, or quasi-judicial nature; and failure to enforce any law on the part of the governmental entity. S.C. Code Ann. § 15-78-60(1), (2), (3), (4), (23). Defendant does not explain how the cited exceptions to the waiver of immunity apply in this case. As such, Defendant failed to meet its burden to prove the applicability of S.C. Code Ann. § 15-78-60 (1), (2), (4), and (23) as an exception to waiver of immunity. Defendant's motion to dismiss is denied as to this ground.

> ii. Exceptions to Waiver of Immunity Pursuant to the Act, S.C. Code Ann. § 15-78-60(17)

Defendant argues the exception found at Section 15-78-60(17) applies such that it is not liable for the intentional torts of its employee, Major, as his alleged sexual misconduct occurred outside of the scope and course of his employment. The Act contains an exception to the waiver of immunity for "employee conduct outside the scope of his official duties or which constitutes actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C. Code Ann. § 15-78-60(17). A government employee acts within the "scope of official duty" or "scope of state employment" when he is: (1) acting in and about the official business of the governmental entity and (2) performing official duties. S.C. Code Ann. § 15-78-30(i).

South Carolina courts have determined that a government employee does not act in the scope of his official duties when he engages in sexual misconduct in the context of determining whether insurance coverage applies to employees of governmental entities accused of sexual misconduct. *Doe v South Carolina State Budget and Control Board*, two women alleged a police officer sexually assaulted them. 494 S.E.2d 469, 472 (S.C. Ct. 1997). The officer preceded each assault by stopping the victims' vehicles for DUI investigations. *Id.* at 471. He coerced the victims to meet with him nearby, where he had sex with them in exchange for not arresting them on a DUI charge. *Id.* The insurance reserve fund sought a declaratory judgment it did not have a duty to

5

defend or indemnify the Defendant officer. *Id.* The court held the officer's conduct "grossly exceeded" the scope of his official duties, which expressly limited the insurance policy's definition of "persons insured." *Id.* at 472. The officer's "duties" as a "police officer d[i]d not include all conduct that [the officer] might have engaged in while on duty." *Id.* The court found that no cogent argument could be made that the officer was acting in the course of employment or furthering the business of his employer at the time he sexually assaulted the women. *Id.*

In *Padgett v. South Carolina Insurance Reserve Fund*, a woman claimed that a professor at the South Carolina State University laid hands on her in a sexually coercive manner. 531 S.E.2d 305, 306 (S.C. Ct. App. 2000). The woman initiated a declaratory judgment action against the university's insurance to determine whether coverage existed under the policy for the professor's conduct. The court determined the professor was not an "insured" under the policy because he was not acting in the scope of his official duties when he sexually assaulted the woman. *Id.* at 306. Interpreting the Act's definition of "scope of employment" located at S.C. Code Ann. § 15-78-30(i), the court explained that:

> "[w]hat is within the scope of employment may be determined by implication from the circumstances of the case. One factor is whether the employee was acting in furtherance of the employer's business when the accident happened . . . An act falls within the scope of the servant's employment if it was reasonably necessary to accomplish the purpose of the servant's employment, and it was done in furtherance of the master's business."

*Id.* at 207 (internal citation omitted). The court found the professor was not providing instruction or acting in his capacity as a faculty member or furthering the woman's education; the woman was not a student of the professor; and she did not know who the professor was until after the incident. *Id.* at 307.

In *Loadholt v. South Carolina State Budget and Control Board*, three women claimed a sheriff employed by the Hampton County Sheriff's Office sexually assaulted them. 528 S.E.2d

670, 673 (S.C. Ct. App. 2001). The sheriff would ask the women into his office under the guise of discussing sheriffs' department business. *Id.* at 672. He would lock the door and ask them questions regarding their sexual histories and sexually molest or assault them. *Id.* In determining whether the sheriff was an insured under the county's insurance policy, the court found the sheriff was not an insured because he was not acting within the scope of his official duties or furthering the business of his employer at the time he committed the sexual assaults. *Id.* at 673.

The Court is persuaded by the above cited authorities in that there is no cogent argument that Major was acting within the scope of his duties as a teacher, or furthering the purpose of his employment when he engaged in sexual misconduct with Plaintiff, a minor student enrolled at the school, such that Defendant is liable for Major's conduct. Defendant's motion to dismiss Plaintiff's claim for assault and battery based on the waiver of immunity set forth in S.C. Code Ann. § 15-78-60(17) is granted.

Defendant moves to dismiss Plaintiff's claim for intentional infliction of emotional distress as barred by the Act. Plaintiff does not address this argument in response to Defendant's motion to dismiss. The Act does not allow a Plaintiff to recover against a governmental entity for intentional infliction of emotional distress, or for intentional torts. S.C. Code Ann. § 15-78-60(17); § 15-78-30(f) (defining "loss" to mean "bodily injury, disease, death, or damage to tangible property, including lost wages and economic loss to the person who suffered the injury, disease, or death, pain and suffering, mental anguish, and any other element of actual damages recoverable in actions for negligence, but [ ] not [ ] the intentional infliction of emotional harm." *Smith v. City of Charleston*, 2007 WL 9735801, at * 5 (D.S.C. July 24, 2007) ("Recovery from governmental entities for intentional torts and intentional infliction of emotional distress is specifically barred by

the Tort Claims Act."). Defendant's motion to dismiss Plaintiff's claim for intentional infliction of emotional distress is granted.

Defendant moves to dismiss Plaintiff's claim for negligent supervision and retention based on the exception to waiver of immunity for loss resulting from "employee conduct outside the scope of his official duties or which constitutes actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C. Code Ann. § 15-78-60(17). A claim for negligent supervision challenges the entity's own negligence in the supervision of its employee and may be brought when a student has been harmed only if the entity has been grossly negligent. *Smith*, 2007 WL9735801, at * 5 (citing *Moore v. Berkeley Cnty. Sch. Dist.*, 486 S.E.2d 9, 13 (S.C. Ct. App. 1997)). Defendant acknowledges that the issue of whether Defendant acted with gross negligence requires the Court to consider matters outside the pleadings. (Dkt. No. 7 at 2-3). As such, Defendant's motion to dismiss Plaintiff's negligent supervision and retention claim pursuant to the Act is denied.

      b. 12(b)(6) Motion to Dismiss for Failure to State a Claim

          i. Negligence, Gross Negligence, Recklessness, and Willfulness

Defendant moves to dismiss Plaintiff's claim for negligence, gross negligence, recklessness, and willfulness for failure to state a claim. Under the Act, a governmental entity may be liable for a loss resulting from a "responsibility or duty including but not limited to supervision, protection, control, confinement, or custody of any student" when the responsibility or duty "is exercised in a grossly negligent manner." S.C. Code Ann. § 15-78-60(25). To state a claim for negligence, the Plaintiff must show: (1) a duty of care owed by the Defendants to the Plaintiff; (2) a breach of that duty by negligent act or omission; and (3) damage proximately resulting from the breach." *Tanner v. Florence Cnty. Treas.*, 521 S.E.2d 153, 158 (S.C.1999).

"Gross negligence" is the "intentional, conscious failure to do something which it is incumbent upon one to do or the doing of a thing intentionally that one ought not to do." *Doe v. Greenville Cnty. Sch. Dist.*, 651 S.E.2d 305, 309 (S.C. 2007).

Defendant argues the complaint fails to plead any factual allegations regarding Defendant's conduct except that it employed Major as a faculty member, and the complaint only asserts conclusory allegations. (Dkt. No. 4 at 7). The complaint alleges Defendant owed Plaintiff, a minor student in its care, custody, and control, a duty to supervise, protect, and ensure Plaintiff was safe from predatory behavior, physical abuse, harassment, and/or intimidation on school property. (Dkt. No. 1-1 ¶ 41). The complaint alleges Defendant breached that duty by permitting the sexual assault of Plaintiff and others over a continued period of time by Major, a faculty member. (*Id.* ¶ 42). It alleges Defendant acted in a negligent, grossly negligent, willful, wanton, and reckless manner and breached the duty of care owed to Plaintiff by failing to exercise even a slight degree of care by failing to establish rules to prevent and report educator sexual abuse. (*Id.* ¶ 41(a)). The complaint alleges that as a result of Defendant's conduct, Plaintiff suffered emotional distress and anguish. (*Id.* ¶ 46). Viewing the well-pled allegations as true, the Court finds the complaint sufficiently states a claim for negligence, gross negligence, recklessness, and willfulness. Defendant's 12(b)(6) motion to dismiss this claim is denied.

    ii. Negligent Supervision and Retention

Defendant moves to dismiss Plaintiff's claim for negligent supervision and retention for failure to state a claim. Under the Act, a governmental entity can be liable for negligent hiring and supervision of employees when a student has been harmed only if the entity has been grossly negligent. *Smith*, 2007 WL 9735801, at *5 (citing *Moore*, 486 S.E.2d at13). The negligent hiring cause of action depends on two elements: (1) the employer's knowledge of the employee's prior

9

acts and (2) foreseeability of harm to the third party. *Doe v. ATC, Inc.*, 624 S.E.2d 447, 450 (S.C. Ct. App. 2005). A claim for negligent supervision holds an employer liable for the intentional torts of employees committed outside the scope of employment when: (1) the employee is on the employer's premises; (2) the employee is using chattel of the employer; (3) the employer knows or has reason to know he can control the employee; and (4) the employer knows or should know of the necessity of controlling the employee. *Degenhart v. Knights of Columbus*, 420 S.E. 495, 496 (1992). The complaint alleges Major's conduct was known amongst staff and students and Defendant was on notice of his inappropriate conduct with students. (Dkt. No. 1-1 at ¶¶ 13-22). The complaint alleges Defendant was grossly negligent in supervising Major by allowing him to sexually harm Plaintiff. (*Id.* ¶ 49). The complaint alleges Defendant was wanton, reckless, and willful for failing to remove Major after complaints were lodged against him. (*Id.* ¶ 51). Viewing the well-pled allegations as true, the Court finds the complaint sufficiently states a claim for negligent retention and supervision. Defendant's 12(b)(6) motion to dismiss Plaintiff's negligent supervision and retention claim is denied.

iii. Title IX Deliberate Indifference to Sexual Assault

Last, Defendant moves to dismiss Plaintiff's Title IX deliberate indifference claim for failure to state a claim. To state a claim for Title IX deliberate indifference to sexual assault of a student, a plaintiff must allege the following: (1) they were a student at an education institution receiving funds; (2) they suffered sexual harassment that was so severe, pervasive, and objectively offensive that it deprived them of equal access to the educational opportunities or benefits provided by their school; (3) the school, through an official who has authority to address the alleged harassment and to instate corrective measures, had actual notice or knowledge of the alleged

harassment; and (4) the school acted with deliberate indifference to the alleged harassment. *Doe v. Fairfax Cnty. Sch. Bd.*, 1 F.4th 257 (4th Cir. 2021).

The Complaint alleges Plaintiff was enrolled as a student at Ashley Ridge High school at the time the harassment occurred. (Dkt. No. 1 ¶¶ 8-9). The complaint alleges Plaintiff suffered sexual harassment that was severe, pervasive, and objectively offensive such that it deprived Plaintiff of equal access to education. (*Id.* ¶ 66 (a)-(d)). It alleges school administrators had actual notice of the sexual harassment of Plaintiff by its failure to investigate and discipline Major in a timely manner. (*Id.* ¶ 67). It alleges Defendant was aware of a prior complaint of sexual harassment lodged against Major and it acted with deliberate indifference toward Plaintiff and other students who made complaints against Major for failure to take remedial steps to resolve such complaints. (*Id.* ¶ 69). Viewing the well-pled allegations as true, the Court finds the complaint sufficiently states a claim for deliberate indifference under Title IX. Defendant's 12(b)(6) motion to dismiss Plaintiff's Title IX claim is denied.

## IV. Conclusion

For the reasons stated below, Defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. (Dkt. No. 4). The motion is **GRANTED** with respect to Plaintiff's claim for assault and battery and intentional infliction of emotional distress. The motion is otherwise **DENIED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

March 2, 2023
Charleston, South Carolina